# CIRCUIT COURT OF THE CITY OF NORFOLK

Smith

v.

Ragsdale

December 30, 1997

Case No. (Law) L94-2841
Closed Case No. 4581-97

BY JUDGE LYDIA CALVERT TAYLOR

On October 28, 1997, this court, in response to a defense motion in limine to exclude expert testimony, heard voir dire testimony from a proffered expert witness for the plaintiff and argument from both sides. Before the motion in limine was granted, the plaintiff took a voluntary nonsuit, but the court, at the request of the parties, nevertheless agreed to put its conclusions into writing for guidance as to use of that expert witness in any future trial.

This case involves the question of whether a dentist who possesses a D.D.S. degree and practices oral surgery and general dentistry is capable of providing expert testimony against a medical doctor with an M.D. degree who practices general plastic surgery. The applicable standard for judging an expert witness' qualifications is found in Virginia Code § 8.01-581.20.

> In ... any action against a physician, clinical psychologist, podiatrist, dentist, nurse, hospital or other health care provider to recover damages alleged to have been caused by medical malpractice where the acts or omissions so complained of are alleged to have occurred in this Commonwealth, the standard of care by which the acts or omissions are to be judged shall be that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty in this Commonwealth and the testimony of an expert witness, otherwise qualified, as to such standard of care, shall be admitted. ... A witness

shall be qualified to testify as an expert on the standard of care if he demonstrates *expert knowledge of the standards of the defendant's specialty and of what conduct* conforms or fails to conform to those *standards and if he has had clinical practice in either the defendant's specialty or a related field of medicine* within one year of the date of the alleged act or omission forming the basis of the action.

Va. Code § 8.01-581.20 (emphasis supplied). The sticking point for this court in the instant case was whether the expert, Doctor Dodson, demonstrated "expert knowledge of the standards of the defendant's specialty."[1]

In *Maxwell v. McCaffrey*, 219 Va. 909 (1979), the Virginia Supreme Court refused to allow an orthopedic physician and surgeon to testify as an expert witness against a chiropractor. In *Maxwell*, the court looked to a number of factors to exclude the expert witness. First, the orthopedist stated he did not know the standards of skill and care required of a chiropractor. Second, the orthopedist did not know the standards of training and education required. Third, chiropractic care was based on a completely different theory than orthopedic surgery. Fourth, there was no professional association between chiropractors and orthopedists. Based on those four criteria, the Supreme Court found the orthopedist to be unacceptable as an expert witness in that case.

In the instant case, Dr. Dodson stated that he knew the standards of skill and care required of a plastic surgeon. However, he did not know the standards of training and education for plastic surgeons. This court is convinced that the practice of oral surgery is basically the same for both D.D.S. and M.D. practitioners, but that a plastic surgeon does many other things that an oral surgeon does not do, so the surrounding theories of practice are not the same. Additionally, although Dr. Dodson testified that D.D.S. and M.D. practitioners do occasionally attend meetings together, he also stated that there were no plastic surgeons who had attended meetings with him to his knowledge, unless they were also dentists. Even in his roles as chief of staff and chairman of the department of surgery, Dr. Dodson did not have the kind of professional association that *Maxwell* seems to require. Because Dr.

---

[1] Although much discussion in the hearing was devoted to matters of who might be permitted to testify against whom in future proceedings, this court declines to issue such a broad decision at this time. Such a ruling would be merely dicta to this ruling and an advisory opinion only as to any future case and its circumstances. Such would not serve to clarify the issues as they now stand.

Dodson did not have knowledge of the four areas required in *Maxwell*, this court found that he did not qualify as an expert witness in this case.

The defendant's motion in limine was granted for the reasons stated above. It is this court's understanding that the plaintiff availed himself of his legal right to take a nonsuit in this case on November 24, 1997. As discussed and agreed at the October 28 hearing, this ruling will apply in the case if and when it is refiled.